IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED LIFE INSURANCE COMPANY,**  )
)
**Plaintiff,**  )
)
v.  )
)  Case No. 19-02074-CM-GEB
**COULTER AND ASSOCIATES, INC.,**  )
)
**Defendant.**  )
)

## MEMORANDUM AND ORDER

This matter is before the court on defendant Coulter and Associates, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404. (Doc. 16.)

### I.  FACTUAL BACKGROUND

This case arises from plaintiff's attempts to expand its business to include short-term medical insurance ("STM") products. Because the STM field is subject to varying state-by-state regulations, plaintiff contracted with defendant for development, compliance, and filing services in support of plaintiff's STM product. Plaintiff alleges that negligence and inadequacies in defendant's services led to the Massachusetts Attorney General's Office ("MAGO") launching an investigation of plaintiff's Massachusetts STM product for failure to comply with various state laws and regulations. Plaintiff incurred substantial damages through both the settlement of that matter and defending several follow-on investigations of plaintiff's other STM products in other states.

Before the MAGO's investigation, defendant allegedly spoke with a representative of the Massachusetts Division of Insurance ("MDOI"), Mr. Ed Charbonnier. Defendant alleges that it relied on conversations with Mr. Charbonnier when advising plaintiff on regulatory and legal compliance under Massachusetts law. Defendant asks the court to transfer this case to the District of

-1-

Massachusetts because one of plaintiff's STM products was marketed in Massachusetts, the MAGO was the first Office to investigate plaintiff's STM product and trigger the other investigations, plaintiff's settlement in the MAGO investigation was paid to persons in Massachusetts, and because Mr. Charbonnier is allegedly located there.

## II.     LEGAL STANDARD

Section 1404(a) is a "judicial housekeeping measure" designed "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against inconvenience and expense" by allowing easy change of venue. *Van Dusen v. Barrack*, 376 U.S. 612, 616, 636 (1964) (citation and quotation marks omitted). To facilitate these goals, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A motion for transfer under Section 1404(a) is reviewed "according to an individualized, case-by-case consideration of convenience and fairness." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The moving party bears the burden of showing that the existing forum is inconvenient. *Id.* at 1515.

> To determine whether to transfer a case, the court considers:
>
> [P]laintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure the attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516 (quoting *Texas Gulf Sulfur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

Transfer will rarely be granted unless the above factors weigh strongly in the moving party's

favor, and transfer is not appropriate merely to shift burdens from one party to another. *See KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998) (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).

### III.    DISCUSSION

Defendant argues that the District of Kansas is an inconvenient forum because (1) at least one witness and some evidence may be more easily obtained in Massachusetts, and (2) this case may involve issues of Massachusetts law. Defendant does not argue that other considerations weigh in its favor. Plaintiff argues that most of the relevant evidence is likely within the parties' control, the court's subpoena power is sufficient for any witnesses in Massachusetts, and that no other considerations plausibly weigh in defendant's favor.

To demonstrate inconvenience, the moving party must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that the witnesses are unwilling to appear at trial, that deposition testimony would be insufficient, or that the court's compulsory process would be needed. *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010).

Although defendant suggests it will seek discovery from multiple employees of the MAGO and MDOI, defendant identifies only Mr. Charbonnier as a potential witness. Defendant does not argue that any witness is unwilling to appear at trial, that deposition testimony would be insufficient, or that the court's compulsory process will be needed to obtain discovery. The court is not persuaded that the identification of one witness and the possibility of others within the transferee forum, unsupported by any showing that deposition would be insufficient, either shows inconvenience or strongly favors transfer.

The court is similarly not persuaded that the remaining factors strongly favor transfer. While the conflict-of-laws factor and the interest in having Massachusetts courts decide issues of local law both weigh slightly in favor of transfer, "[t]he remaining factors are either neutral or irrelevant." *Id.* at 1170. Defendant provides no evidence and makes no argument that litigating this matter will be more costly in Kansas than in Massachusetts; the District of Massachusetts does not have a substantially less congested docket than the District of Kansas; and defendant identifies no difficulties in obtaining a fair trial in Kansas or enforcing any judgment that may result. Finally, other than those issues already captured by the factors above, defendant identifies no additional practical considerations that would make trial easier, more expedient, or more economical if it occurred outside this venue and in Massachusetts.

Under these circumstances, the court is not persuaded that transfer will serve to do more than shift prospective burdens between the parties. *See KCJ Corp.*, 18 F. Supp. 2d at 1214. Because transfer is not strongly favored, the court denies defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (Doc. 16) is denied.

Dated this 8th day of October, 2019, at Kansas City, Kansas.

              **s/ Carlos Murguia**
              **CARLOS MURGUIA**
              **United States District Judge**